**ALLACCESS LAW GROUP**
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for AUSTIN GOODWIN, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN GOODWIN,<br><br>   Plaintiff,<br><br>BEL MARIN LLC, a California limited liability company, dba EMPIRE MINI STORAGE,<br><br>   Defendant. | Case No. 21-cv-2684<br><br>*Civil Rights*<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:**<br><br>1. Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)<br><br>2. Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)<br><br>3. Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)<br><br>**DEMAND FOR JURY TRIAL** |

Page 1 of 16

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      Plaintiff AUSTIN GOODWIN complains of Defendant BEL MARIN LLC, a California limited liability company, dba EMPIRE MINI STORAGE, and alleges as follows:

3      1.    **INTRODUCTION:** Defendant in this case would not rent a U-Haul truck to Plaintiff because he is a man with a disability who uses a qualified service dog. The assistance of his service dog is particularly important because Plaintiff is an Iraq War veteran with post-traumatic stress disorder ("PTSD") and the dog helps manage his PTSD. This lawsuit seeks injunctive relief and damages against the operators of the Empire Mini Storage for denying full and equal access to Plaintiff Austin Goodwin, a disabled person who uses a service dog.

     2.    As a result of Defendant's illegal acts, Plaintiff suffered denial of his civil rights and suffered mental and emotional damages. Plaintiff cannot return to and do business with Defendant until Defendant's policies at Empire Mini Storage are made accessible to disabled individuals who use service dogs, including revision of its service dog policies and necessary employee training and/or re-training. He has brought this lawsuit to force Defendant to change its discriminatory and illegal policies, and to force Defendant to compensate him for forcing him to leave the premises although he is a disabled person who needs the assistance of his qualified service dog. Plaintiff seeks an injunction to protect the rights of all disabled persons, including Plaintiff, when accompanied by a qualified service dog at the Empire Mini Storage.

     3.    **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 U.S.C. sections 1331 and 1343. This Court has jurisdiction over the claims brought under California law pursuant to 28 U.S.C. § 1367.

     4.    **VENUE:** Venue is proper in this court pursuant to 28 U.S.C. section 1391(b) and is proper because the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

     5.    **INTRADISTRICT:** This case should be assigned to the San Francisco/Oakland intradistrict because the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

     6.    **PARTIES:** Plaintiff Austin Goodwin ("Plaintiff") is an Iraq War veteran and a "qualified" disabled person under federal and state law due to PTSD. Plaintiff has a service dog

1  named "Kita." Kita has been trained to perform grounding techniques to help Plaintiff manage
2  his PTSD. Plaintiff relies on Kita to access public accommodations such as Empire Mini Storage.
3  Plaintiff is a resident of Marin County.

4      7.    Defendant BEL MARIN LLC, a California limited liability company, dba
5  EMPIRE MINI STORAGE ("Empire Mini Storage") is and was at all times relevant to this
6  Complaint the operator, lessor and/or lessee of the subject business, property and building
7  located at 425 Bel Marin Keys Blvd Novato, CA 94949 ("Empire Mini Storage").

8      8.    The Empire Mini Storage is a place of "public accommodation" and a "business
9  establishment" subject to the requirements of 42 U.S.C. section 12181(7) of the Americans with
10 Disabilities Act of 1990, of California Civil Code sections 51 *et seq.*, and of California Civil
11 Code sections 54 *et seq*.

12     9.    **FACTUAL STATEMENT:** In the morning of March 17, 2021 Plaintiff went
13 with his service dog to the Empire Mini Storage to rent a U-Haul. Upon arriving, Plaintiff told
14 the employee that he needed to rent a 15 foot U-Haul truck to take his motorcycle to the
15 mechanic for repair. The employee behind the desk confirmed that they had a 15 foot U-Haul
16 truck available for Plaintiff to rent. The same employee then told Plaintiff that Plaintiff must
17 take his dog outside because there are no dogs allowed inside of the building. Plaintiff told this
18 employee that Kita is a service animal. In response, the employee told Plaintiff that he did not
19 care because Defendant's policy prohibits dogs from being inside of the building. Plaintiff told
20 the employee that Kita does not leave his side ever. Plaintiff then began to record a video with
21 his phone. The employee took notice and said that he was not going to say anything else and then
22 sat down.

23     10.    Plaintiff said, referring to the dog, "I am allowed to have her with me." In
24 response, another employee said, "and we are allowed also not to serve you [because] we are a
25 non-profit, we are an independent dealer, so thank you." When Plaintiff asked if the employee
26 was still going to rent to him the U-Haul truck, the employee said falsely that he did not have any
27 trucks available. Not only did Plaintiff suffer difficulties, discomfort, and embarrassment, but he
28 also left feeling like a second class citizen.

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  11. After returning home, Plaintiff went online and reserved with Defendant the truck
2  that Defendant's employee claimed was not available. Plaintiff then returned to Empire Mini
3  Storage. Upon entering inside, Plaintiff once again stated explicitly to Defendant's employee that
4  Kita was a service animal. The employee then said, "we need to see documentation."
5  Defendant's employee then tried to justify his prior behavior claiming that the employees at
6  Empire Mini Storage have to "abide by the rules that are set in place for us as workers." When
7  Plaintiff stated that he was lied to about the unavailability of the truck after he insisted on having
8  his service dog inside of the building, the employee said, "people lie." After Plaintiff told the
9  employee that he had spoken to an attorney, the employee said that they would not do business
10 with Plaintiff because he was "seeking litigation."

11 12. Plaintiff wishes to be able to return to the Empire Mini Storage and do business
12 with Defendant in the future, but only *after* Defendant has implemented proper service animal
13 policies and training of its staff. Plaintiff is deterred from returning to the Empire Mini Storage
14 until these policies and training are in place.

**FIRST CAUSE OF ACTION:
DAMAGES AND INJUNCTIVE RELIEF
FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES
(Civil Code §§ 54 *et seq.*)**

18 13. Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the
19 factual allegations contained in Paragraphs 1 through 12 of this Complaint and all paragraphs of
20 the third cause of action, as plead infra, incorporates them herein as if separately re-pleaded.

21 14. Under the California Disabled Persons Act (CDPA), people with disabilities are
22 entitled to the "full and free use of . . . public buildings, . . . public facilities, and other public
23 places." Civil Code § 54(a).

24 15. Civil Code section 54.1(a)(1) further guarantees the right of "full and equal
25 access" by persons with disabilities to "accommodations, advantages, facilities . . . hotels,
26 lodging places of accommodation, amusement or resort, or other places to which the general
27 public is invited." Civil Code § 54.1(c) also specifies that, "individuals with a disability and
28 persons authorized to train service dogs for individuals with a disability, may take dogs, for the

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 purpose of training them as guide dogs, signal dogs, or service dogs in any of the places
2 specified in subdivisions (a) and (b)."

3     16.    Civil Code section 54.2(a) specifically protects the right of "every individual with
4 a disability" "to be accompanied by a guide dog, signal dog, or service dog, especially trained for
5 the purpose, in any of the places specified in Section 54.1."

6     17.    Civil Code section 54.3(b) makes liable "Any person or persons, firm or
7 corporation who denies or interferes with admittance to or enjoyment of the public facilities as
8 specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a
9 disability under Sections 54, 54.1 and 54.2." This section also specifies that, "'[I]nterfere,' for
10 purposes of this section, includes, but is not limited to, preventing or causing the prevention of a
11 guide dog, signal dog, or service dog from carrying out its functions in assisting a disabled
12 person."

13     18.    The Empire Mini Storage is a public accommodation within the meaning of the
14 CDPA. On information and belief, Defendant is the operator, lessor or lessee of the public
15 accommodation.

16     19.    Defendant made the decision to knowingly and willfully exclude Plaintiff and his
17 service dog from its public accommodation and thereby deny Plaintiff his right of entrance into
18 Defendant's place of business with his service dog. As a result of that decision, Plaintiff has
19 faced the continuing discrimination of being barred from entering this public accommodation
20 and place of business based upon Defendant's illegal prohibition of his legally protected use of
21 his service dog. Plaintiff has continued to suffer denial of access to these facilities, and faces the
22 prospect of unpleasant and discriminatory treatment should he attempt to return to these
23 facilities. Plaintiff is unable to return to the Empire Mini Storage until he receives the protection
24 of this Court's injunctive relief, and he has continued to suffer discrimination on a daily basis
25 since March 17, 2021, all to his statutory damages pursuant to California Civil Code §§ 54.1,
26 54.2, and 54.3.

27     20.    **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and
28 omissions of Defendant as complained of herein which are continuing on a day-to-day basis and

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  which have the effect of wrongfully excluding Plaintiff and other members of the public who are
2  disabled and who require the assistance of service animals, from full and equal access to these
3  public facilities. Such acts and omissions are the cause of humiliation and mental and emotional
4  suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-
5  class citizen and serve to discriminate against him on the sole basis that he is a person with a
6  disability and one who requires the assistance of a service animal.

7       21.     Plaintiff wishes to return to patronize the Empire Mini Storage but is deterred
8  from returning to use these facilities, because the significant policy barriers will foreseeably
9  cause him further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as
10 such acts and omissions of Defendant continue, to achieve equal access to and use of these
11 public facilities.  Therefore, Plaintiff cannot return to patronize the Empire Mini Storage and is
12 deterred from further patronage until Empire Mini Storage is made properly accessible for
13 disabled persons, including Plaintiff, who require the assistance of a service animal.

14      22.     The acts of Defendant have proximately caused and will continue to cause
15 irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to
16 Defendant's inaccessible policies and seeks an award of reasonable statutory attorney fees,
17 litigation expenses and costs.

18      23.     Wherefore, Plaintiff asks this Court to preliminarily and permanently enjoin any
19 continuing refusal by Defendant to grant full and equal access to Plaintiff in the ways
20 complained of and to require Defendant to comply forthwith with the applicable statutory
21 requirements relating to access for disabled persons.  Such injunctive relief is provided by
22 California Civil Code sections 54.1, 54.2 and 55, and other laws.  Plaintiff further requests that
23 the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees,
24 litigation expenses, and costs pursuant to Civil Code sections 54.3 and 55, Code of Civil
25 Procedure section 1021.5 and other law, all as hereinafter prayed for.

26      24.     **DAMAGES:** As a result of the denial of full and equal access to the described
27 facilities and due to the acts and omissions of Defendant in operating and leasing the subject
28 facilities, Plaintiff has suffered a violation of his civil rights, including but not limited to rights

1  under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and
2  embarrassment, and physical, mental and emotional personal injuries, all to his damages per
3  Civil Code section 54.3, including general and statutory damages, and treble damages, as
4  hereinafter stated.  Defendant's actions and omissions to act constitute discrimination against
5  Plaintiff on the basis that he was and is disabled and unable, because of the policy barriers
6  created and/or maintained by the Defendant in violation of the subject laws, to use the public
7  facilities on a full and equal basis as other persons.  The violations have deterred Plaintiff from
8  returning to attempt to patronize the Empire Mini Storage and will continue to cause him
9  damages each day these barriers to access and policy barriers continue to be present.

10  25.  **TREBLE DAMAGES:** Plaintiff has been damaged by Defendant's wrongful
11  conduct and seeks the relief that is afforded by Civil Code sections 54, 54.1, and 54.3.  At all
12  times herein mentioned, Defendant was fully aware that significant numbers of potential users of
13  their public facilities were and are and will be disabled persons including individuals who require
14  the assistance of a service animal. Despite this knowledge, Defendant maintains the policy
15  barriers complained of. On information and belief, Defendant has ignored complaints about the
16  lack of proper disabled access by other disabled persons. Defendant has continued its illegal and
17  discriminatory practices despite actual knowledge that persons with disabilities may attempt to
18  patronize the subject Empire Mini Storage and encounter illegal service dog policy barriers
19  which deny them full and equal access when they do so.

20  26.  At all times herein mentioned, Defendant knew, or in the exercise of reasonable
21  diligence should have known, that their practices at the subject facilities violated disabled access
22  requirements and standards, and would have a discriminatory effect upon Plaintiff and upon
23  other disabled persons who rely on service dogs, but Defendant has failed to rectify the
24  violations, and presently continues a course of conduct of maintaining policy barriers that
25  discriminate against Plaintiff and similarly situated disabled persons.  For the foregoing reasons,
26  Plaintiff alleges that an award of statutory treble damages is appropriate.

27  27.  Further, although it is not necessary for Plaintiff to prove wrongful intent in order
28  to show a violation of California Civil Code sections 54 and 54.1 or of Title III of the ADA (*see*

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  *Donald v. Café Royale*, 218 Cal. App. 3d 168 (1990)), Defendant's behavior was intentional.
2  Defendant was aware and/or were made aware of their duties to refrain from establishing
3  discriminatory policies against physically disabled persons, prior to the filing of this complaint.
4  Defendant's establishment of their discriminatory policy to deny and restrict entry to persons
5  with service dogs, and their implementation of such a discriminatory policy against Plaintiff,
6  indicate actual and implied malice toward Plaintiff and conscious disregard for his rights and
7  safety.

8  28.  **FEES AND COSTS:**  As a result of Defendant's acts, omissions, and conduct,
9  Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by
10 statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting
11 access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff
12 therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant
13 to the provisions of Civil Code sections 54.3 and 55. Additionally, Plaintiff's lawsuit is intended
14 to require that Defendant make its facilities accessible to disabled members of the public,
15 justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions
16 of California Code of Civil Procedure section 1021.5 and other applicable law.

17 29.  Plaintiff suffered damages as above described as a result of Defendant's
18 violations.  Damages are ongoing based on his deterrence from returning to the Empire Mini
19 Storage.

20 WHEREFORE, Plaintiff prays for relief as hereinafter stated.

**SECOND CAUSE OF ACTION:
VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED
BY CIVIL CODE SECTION 51(f)**

24 30.  Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein,
25 the allegations contained in Paragraphs 1 through 29 of this Complaint and incorporates them
26 herein as if separately re-pleaded.

27 31.  At all times relevant to this action, the Unruh Civil Rights Act, California Civil
28 Code § 51(b), provided that:

Page 8 of 16
PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

32. California Civil Code section 52 provides that the discrimination by Defendants against Plaintiff on the basis of his disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

33. Defendant's discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

34. Any violation of the Americans with Disabilities Act of 1990 constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52. Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

35. The actions and omissions of Defendant as herein alleged constitute a denial of access to and use of the described public facilities by disabled persons who use service dogs within the meaning of California Civil Code sections 51 and 52. As a proximate result of Defendant's action and omissions, Defendant has discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and are responsible for statutory, compensatory and treble damages to Plaintiff, according to proof.

36. **FEES AND COSTS:** As a result of Defendant's acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore

seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52. Additionally, Plaintiff's lawsuit is intended to require that Defendant make their facilities and policies accessible to disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

37. Plaintiff suffered damages as above-described as a result of Defendant's violations.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

### THIRD CAUSE OF ACTION:
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### (42 U.S.C. §§ 12101 *et seq*.)

38. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 37, above, and incorporates them herein by reference as if separately repled hereafter.

39. In 1990 Congress passed the Americans with Disabilities Act after finding that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous." 42 U.S.C. § 12101(a).

40. The ADA provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.

41. Plaintiff is a qualified individual with a disability as defined in the Americans with Disabilities Act of 1990.

42. Empire Mini Storage is a public accommodation within the meaning of Title III of the ADA. 42 U.S.C. § 12181(7).

43. The ADA prohibits, among other types of discrimination, "failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities." 42 U.S.C. § 12182(b)(2)(A)(ii).

44. Under the "2010 Revised ADA Requirements: Service Animals," as published by the United States Department of Justice, and distributed by the DOJ's Civil Rights Division, Disability Rights Section, "Generally, title II and title III entities must permit service animals to accompany people with disabilities in all areas where members of the public are allowed to go." ADA 2010 Revised Requirements, www.ada.gov/service_animals_2010.htm. Further,

> **Under the ADA, State and local governments, businesses, and nonprofit organizations that serve the public generally must allow service animals to accompany people with disabilities in all areas of the facility where the public is normally allowed to go.**

*Ibid.*, emphasis in original.

45. Defendant has a policy and practice of denying and restricting access to patrons with service animals.

46. On information and belief, as of the date of Plaintiff's most recent visit to the Empire Mini Storage, Defendant continues to deny full and equal access to Plaintiff and to discriminate against Plaintiff on the basis of his disability, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of defendants' premises, in violation of the ADA.

47. In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

> It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b).

48. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 U.S.C. § 12181 *et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to "a restaurant, bar, or other establishment serving food or drink." (42 U.S.C. § 12181(7)(B)).

49. The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendant set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq.*

50. On information and belief, as of the date of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendant's actions and policies, have denied and continue to deny full and equal access to Plaintiff and to other disabled persons who rely on service dogs, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of his disability, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

51. Defendant's actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing this Empire Mini Storage and discriminated and continue to discriminate against him on the basis of his disability, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.

52. Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.*, Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of his disability in violation of sections 12182 and 12183 of this title.  On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters. Pursuant to section 12188(a)(2)

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

53.     Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use the property and premises, or attempt to patronize this Empire Mini Storage, in light of Defendant's policies.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

## **PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendant as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendant have an actual controversy and opposing legal positions as to Defendant's violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff Austin Goodwin prays for judgment and the following specific relief against Defendants:

1. An order enjoining Defendant, its agents, officials, employees, and all persons acting in concert with them:

    a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b. To modify their policies and practices to accommodate service dog users in conformity with federal and state law, and to advise Plaintiff that his service dog

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  will not be excluded should he desire to enter and use the services of the Empire
2  Mini Storage;
3  c. That the Court issue preliminary and permanent injunction directing Defendant as current operator, lessor, and/or lessee and/or its agents of the subject property and premises to modify the above described policies and practices to provide full and equal access to Plaintiff; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendant to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to train Defendant's employees and agents in how to recognize disabled persons and accommodate their rights and needs;
12 d. An order retaining jurisdiction of this case until Defendant has fully complied with the orders of this Court, and there is a reasonable assurance that Defendant will continue to comply in the future absent continuing jurisdiction;
15 2. An award to Plaintiff of statutory, actual, general, treble, and punitive damages in amounts within the jurisdiction of the Court, all according to proof;
17 3. An award to Plaintiff pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 794a, California Civil Code §§ 52 and 54.3, California Code of Civil Procedure § 1021.5, and as otherwise permitted by law, of the costs of this suit and reasonable attorneys' fees and litigation expenses;
20 4. An award of prejudgment interest pursuant to Civil Code § 3291;
21 5. Interest on monetary awards as permitted by law; and
22 6. Grant such other and further relief as this Court may deem just and proper.

Date: April 14, 2021                    ALLACCESS LAW GROUP

                                        /s/ Irakli Karbelashvili
                                        By Irakli Karbelashvili, Esq.
                                        Attorneys for Plaintiff
                                        AUSTIN GOODWIN

**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: April 14, 2021                                ALLACCESS LAW GROUP

                                                                        */s/ Irakli Karbelashvili*
                                                             By Irakli Karbelashvili, Esq.
                                                             Attorneys for Plaintiff
                                                             AUSTIN GOODWIN

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES